UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MATTHEW DAVIS, *et al.*, | ) |
| | ) |
|    *Plaintiffs*, | ) |
| | ) Case No. 1:23-cv-120 |
| v. | ) |
| | ) |
| SERGIO FELIX ROCHA, *et al.*, | ) Judge Atchley |
| | ) Magistrate Judge Lee |
|    *Defendants*. | ) |

## ORDER

This matter is before the Court on periodic review. This action was filed nearly one year ago, and to date, the record reflects that Defendant Sergio Felix Rocha has not been served. Plaintiffs moved for appointment of a process server under the Hague Convention [Doc. 12] on August 9, 2023, which was granted on August 15, 2023. The Court ordered a status report be filed by October 20, 2023, which Plaintiffs timely filed. The Court then ordered another status report regarding service be filed on or before January 12, 2024, and every 30 days thereafter. [Doc. 17]. Plaintiffs filed a status report on January 11, 2024, and February 21, 2024, but have filed nothing since. Their February 21st Status Report [Doc. 20] indicates that, according to the international service of process company hired to serve Defendant Rocha, service usually takes 6 to 8 months. [*Id.*]. It can take as long as 6 additional months for proof of service to be returned. [*Id.*].

Given the length of time this action has been pending and the inability to proceed with the case until service is accomplished, the Court finds it appropriate to administratively close this case until service on Defendant Rocha is complete.[1] Moreover, the Court's Order [Doc. 17] required

---

[1] "Administrative closures are a tool of docket management." *Rodriguez v. Hirschberg Acceptance Cor.*, 62 F. 4th 270, 274 (6th Cir. 2023). They allow courts to remove cases from their active files without making any final adjudication. *Id.* (quoting *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004)). "The closing has no

Plaintiffs to file a status report regarding service every 30 days. The Order further required Plaintiffs to file notice of service within 3 business days of completing service. [*Id.*]. As Plaintiffs have filed neither a status report nor proof of service, and indeed have made no filings since February 21, 2024, the Court presumes that service efforts are ongoing.

Accordingly, it is **ORDERED** as follows:

- This action is **ADMINISTRATIVELY CLOSED** until further order of the Court. This closure is for administrative purposes only and does not constitute a final decision on the merits, nor does it impact any claims or defenses that may be asserted in this action.

- The Clerk is **DIRECTED** to administratively close this case.

- Within **5 business days** of Plaintiffs' receipt of proof of service on Defendant Rocha, Plaintiffs **SHALL FILE** such proof of service and **SHALL MOVE** to reopen the case.

- Should the parties settle this action, they may file a stipulation of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1)(A). The parties are reminded that a stipulation of dismissal filed in compliance with this Rule is self-effectuating and generally requires no further action from the Court.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

---

effect other than to remove a case from the district court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." *Id.* (cleaned up, citation omitted).